UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO.4:13-CV-223-BO

| | |
|---|---|
| CASHCALL, INC., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| OTERIA Q. MOSES, ) | |
| ) | |
| Appellee. ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

This cause comes before the Court on appellant Cashcall, Inc.'s motion to stay adversary proceeding. A hearing was held on the matter before the undersigned on November 14, 2013, at Raleigh, North Carolina. For the reasons discussed below, the motion to stay is granted.

## DISCUSSION

Cashcall seeks a stay of the underlying adversary action that is now proceeding in the bankruptcy court during the pendency of its appeal of the bankruptcy court's order declining to, *inter alia*, compel arbitration of the adversary proceeding. Moses filed for bankruptcy pursuant to Chapter 13 on August 1, 2012. Cashcall filed a proof of claim in the bankruptcy proceeding representing the unpaid balance of the loan. Moses subsequently filed an adversary proceeding against Cashcall, objecting to the proof of claim and seeking a declaratory judgment that the debt owed to Cashcall is void as violative of the North Carolina Consumer Finance Act. Moses also alleges that Cashcall engaged in acts prohibited by debt collectors under North Carolina law.

Cashcall moved to dismiss Moses' claims against it in the adversary proceeding, or to stay the proceeding and compel arbitration. By order entered January 3, 2013, the bankruptcy court denied Cashcall's motion to dismiss or to stay and compel arbitration. Cashcall then sought a stay in the bankruptcy court of the adversary proceeding in its entirety pending Cashcall's appeal of the bankruptcy court's order declining to dismiss or compel arbitration. Cashcall's request for stay pending appeal was denied by order entered April 2, 2013.[1]

In *Levin v. Alms & Assocs., Inc.*, the Fourth Circuit held that an appeal of the issue of arbitrability under the Federal Arbitration Act "automatically divests the [lower court] of jurisdiction over the underlying claims and requires a stay of the action, unless the [lower court] certifies the appeal as frivolous or forfeited." 634 F.3d 260, 266 (4th Cir. 2011). This holding was not addressed by the bankruptcy court in declining to issue a stay in the instant action. In its order, the bankruptcy court relied in part on the position of the Second Circuit regarding divestiture of jurisdiction pending appeal of the issue of arbitrability, but that position was expressly rejected by the Fourth Circuit in *Levin*. *Id.*, 634 F.3d at 264 (finding unpersuasive the rationale of Second Circuit in *Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2nd Cir. 2004)).

This Court has not been presented with any authority that would persuade it that *Levin* does not require a stay of the underlying adversary proceeding in light of Cashcall's appeal of the issue of arbitrability. Nor has the bankruptcy court certified that Cashcall's appeal is frivolous or has been forfeited. Accordingly, the Court hereby STAYS the adversary proceeding pending the outcome of Cashcall's appeal of the bankruptcy court's order denying its motion to dismiss or to stay and compel arbitration. *See also In re Butler*, Civil Action Nos. 2:13-9261, 2:13-0048, 2013

---

[1] Cashcall has also filed a separate appeal of the order denying its request to stay the adversary proceeding pending appeal. *See* 5:13-CV-689-BO.

2

WL 2102969 (S.D.W.V. May 14, 2013) (applying holding in *Levin* to stay adversary proceeding during pendency of appeal on issue of arbitrability).

## CONCLUSION

For the foregoing reasons, the motion to stay the adversary proceeding [DE 11] is GRANTED. The clerk is DIRECTED to provide a copy of this order to the bankruptcy court.

As noted above, Cashcall has also separately moved for leave to appeal the bankruptcy court's order denying its motion to stay the adversary proceeding pending appeal. As the Court has now granted Cashcall's motion to stay filed in this matter, Cashcall is DIRECTED to notify the Court within fourteen (14) days of the date of entry of this order whether it intends to proceed with its separate appeal of the issue of stay pending appeal and whether it requires a ruling from this Court on its motion for leave to appeal filed in case number 5:13-CV-689-BO.

SO ORDERED.

This 20 day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE