IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>OTERIA Q. MOSES,<br><br>        *Debtor*. | Bankruptcy No. 12-05563-8-RDD |
| OTERIA Q. MOSES<br><br>        *Plaintiff*,<br>v.<br><br>CASHCALL, INC.<br><br>        *Defendant*. | Adversary Proceeding<br>No. 12-00174-8-RDD |
| CASHCALL, INC.<br><br>        *Appellant*,<br>v.<br><br>OTERIA Q. MOSES,<br><br>        *Appellee*. | Civil Action No. 4:13-CV-00223-BO |

**DESGINATION OF RECORD AND STATEMENT OF ISSUES PRESENTED**

Pursuant to Rule 6(b)(2)(B) of the Federal Rules of Appellate Procedure, CashCall, Inc. ("CashCall") hereby designates the record and issues presented on appeal to the United States Court of Appeals for the Fourth Circuit from the Order and Judgment entered on February 4, 2014, by the District Court for the Eastern District of North Carolina [DE 24, 23] affirming the Order entered on January 3, 2013, by the Bankruptcy Court for the Eastern District of North Carolina denying CashCall's motion to dismiss or stay and compel arbitration [Adv. Pro. No. 12-

00174-8-RDD, DE 20.] The Notice of Appeal in this matter was filed on February 27, 2014 [DE 25], and the appeal was docketed with the Court of Appeals on March 5, 2014. [DE 29.]

## I. Statement of Issues Presented On Appeal

1. Does the Federal Arbitration Act require a bankruptcy court in an adversary proceeding to compel arbitration of a constitutionally non-core claim where the parties do not dispute that the claim falls within the scope of an arbitration agreement?

2. Under this Court's decision in *In re White Mountain Mining Co., LLC*, 403 F.3d 164, 169 (4th Cir. 2005), does the Federal Arbitration Act require a bankruptcy court to compel arbitration of an adversary proceeding where (i) the parties do not dispute that all claims fall within the scope of an arbitration agreement and (ii) there is no inherent conflict between arbitration and the underlying purposes of the Bankruptcy Code because resolution of both constitutionally core and non-core claims in arbitration would not delay or have any effect upon Plan confirmation, alter Plan payments, delay debtor's discharge, or otherwise hinder the reorganization process?

## II. Designation of Record on Appeal

CashCall, as appellant, respectfully submits that the record on this appeal should include the items identified below (as well as all exhibits attached thereto and filed therewith).

### A. Miscellaneous Action No. 5:13-MC-00011-BO

| Filing Date | Docket Number | Docket Description |
|---|---|---|
| 02/07/2013 | 1 | MOTION for Leave to Appeal (filed in US Bankruptcy Court on 1/17/13) by Cashcall, Inc. (Attachments: # 1 Notice of Appeal filed 1/17/13 in US Bankruptcy Court, # 2 1/3/13 Order being appealed) (Lee, B.) (Entered: 02/11/2013) |
| 07/19/2013 | 12 | ORDER granting 1 Motion for Leave to Appeal. The clerk is DIRECTED to close this case and to docket a civil action encompassing the instant appeal. Signed by District Judge Terrence W. Boyle on 7/17/2013. (Rudd, D.) (Entered: |

| | | 07/19/2013) |

## B. Civil Action No. 4:13-CV-00223-BO

| Filing Date | Docket Number | Docket Description |
|---|---|---|
| 10/10/2013 | 1 | NOTICE OF APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number 12-05563-8-RDD. File received. (Attachment: # 1 Order under Appeal - Order of Judge Doub 1/3/2013). (Sebastian, D) (Entered: 10/10/2013) |
| 10/11/2013 | 2 | Part 1 of Bankruptcy Record on Appeal filed. The Bankruptcy Court certifies that this is a true and accurate copy of the docket on file. (Attachments: # 1 Moses v Cashcall Complaint, # 2 Cashcall Motion to Dismiss AP, # 3 Cashcall Memorandum as to Motion to Dismiss, #4 Affidavit of Custodian of Records of CashCall, # 5 Moses Memorandum of Law Opposing Motion to Dismiss, # 6 Motion for Leave to Appeal Order Denying Motion to Dismiss, # 7 Motion to Stay Pending Appeal, # 8 Memorandum in Support of Motion to Stay Pending Appeal, # 9 Cashcall Answer to Complaint) (Sebastian, D) (Entered: 10/11/2013) |
| 10/11/2013 | 3 | Part 2 of Bankruptcy Record on Appeal filed. Transmitting copy of docket sheet. The Bankruptcy Court certifies that this is a true and accurate copy of the docket on file. (Attachments: # 1 CashCall Motion to Withdraw Claim, # 2 Moses Objection to Motion to Withdraw Proof of Claim, # 3 CashCall Reply Memorandum, # 4 Order Denying Motion to Withdraw Claim, # 5 Notice of Appeal as to Order Denying Motion to Withdraw Proof of Claim, # 6 Motion for Leave to Appeal, # 7 Order Denying Motion for Leave to Appeal, # 8CashCall Proof of Claim, # 9 Docket sheet for Oteria Q. Moses 12-05563, # 10 Adversary Proceeding docket for Moses v CashCall, Inc. 12-00174) (Sebastian, D) (Entered: 10/11/2013) |
| 10/25/2013 | 11 | MOTION to Stay Adversary Proceeding by Cashcall, Inc.. (Attachments: # 1 Text of Proposed Order) (Silver, Hayden) (Entered: 10/25/2013) |
| 10/25/2013 | 14 | Appellant's BRIEF by Cashcall, Inc.. (Silver, Hayden) (Entered: 10/25/2013) |
| 11/07/2013 | 16 | Appellee's BRIEF by Oteria Q. Moses. Appellant Reply Brief due by 11/25/2013. (Lapas, Adrian) (Entered: 11/07/2013) |
| 11/21/2013 | 20 | ORDER GRANTING 11 Appellant's Motion to Stay. As the Court has now granted Appellant Cashcall's Motion to Stay the Adversary Proceeding Pending Appeal, Cashcall is directed to notify the Court within fourteen (14) days of the |

| | | |
|---|---|---|
| | | entry of this Order whether it intends to proceed with its separate appeal of the issue of stay pending appeal and whether it requires a ruling from this Court on its Motion for Leave to Appeal filed in case number 5:13-CV-689-BO. Signed by US District Judge Terrence W. Boyle on 11/20/2013. Counsel is directed to read Order in its entirety for critical information and deadlines. (Fisher, M.) (Entered: 11/21/2013) |
| 11/25/2013 | 21 | Appellant's REPLY BRIEF by Cashcall, Inc.. (Silver, Hayden) (Entered: 11/25/2013) |
| 12/04/2013 | 22 | RESPONSE to Order regarding 20 Order on Motion to Stay, filed by Cashcall, Inc. (Silver, Hayden) (Entered: 12/04/2013) |
| 02/04/2014 | 23 | ORDER: The decision of the Bankruptcy Court entered in this matter on January 3, 2013, declining to refer appellee's second claim for relief to arbitration is hereby AFFIRMED. Signed by US District Judge Terrence W. Boyle on 2/3/2014. (Fisher, M.) (Entered: 02/04/2014) |
| 02/04/2014 | 24 | JUDGMENT: IT IS ORDERED, ADJUDGED, and DECREED the decision of the Bankruptcy Court entered in this matter on January 3, 2013, and signed by Judge Doub, declining to refer Appellee's second claim for relief to arbitration is hereby AFFIRMED. The clerk shall close this case. Signed by Macy B. Fisher, for Julie A. Richards, Clerk of Court, on 2/4/2013. (Fisher, M.) (Entered: 02/04/2014) |
| 02/27/2014 | 25 | NOTICE OF APPEAL as to 24 Judgment, 23 Order, by Cashcall, Inc.. Filing fee $ 505, receipt number 0417-2805257. (Silver, Hayden) (Entered: 02/27/2014) |
| 02/27/2014 | 26 | MOTION to Stay regarding 24 Judgment, 23 Order, Motion to Stay Pending Appeal by Cashcall, Inc.. (Attachments: # 1 Text of Proposed Order) (Silver, Hayden) (Entered: 02/27/2014) |
| 02/27/2014 | 27 | Memorandum in Support regarding 26 MOTION to Stay regarding 24 Judgment, 23 Order, Motion to Stay Pending AppealMemorandum in Support of Motion to Stay Pending Appeal filed by Cashcall, Inc.. (Silver, Hayden) (Entered: 02/27/2014) |
| 02/27/2014 | 28 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals regarding 25 Notice of Appeal by Cashcall, Inc. (Fogle, L.) (Entered: 02/27/2014) |
| 03/05/2014 | 29 | US Court of Appeals Case Number 14-1195, Sharon A. Wiley, Case Manager, for 25 Notice of Appeal filed by Cashcall, Inc. (Tripp, S.) (Entered: 03/05/2014) |

C. **Other Items for Inclusion in Record on Appeal**

1. Docket sheet of Chapter 13 Case of Oteria Q. Moses, EDNC Bankr., No. 12-05563-8-RDD.

2. Docket sheet of Adversary Proceeding, Moses v. CashCall, Inc., EDNC Bankr., No. 12-000174-8-RDD.

3. Docket sheet of District Court Appeal, Moses v. CashCall, Inc., EDNC, 4:13-CV-00223-BO

CashCall expressly reserves, and does not waive, its rights to supplement this designation and/or to object, or otherwise supplement or move to strike or modify, some or all of the statement of issues and supplemental items designated by the Plaintiff/Debtor to be included in the record on appeal. This filing is made expressly subject to, and without waiver of any and all rights, remedies, challenges, and objections.

Respectfully submitted, this the 13th day of March, 2014.

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ Hayden J. Silver III
Hayden J. Silver III (NC State Bar 10037)
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Phone: (919) 755-2188
Fax: (919) 755-6099
jsilver@wcsr.com

Raymond M. Bennett (NC State Bar No. 36341)
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Phone (919) 755-2158
Fax (919) 755-6068
rbennett@wcsr.com

*Attorneys for Defendant CashCall, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that I electronically filed the foregoing **DESGINATION OF RECORD AND STATEMENT OF ISSUES PRESENTED** with the Clerk of Court using the CM/ECF which will send notification of such filing to the following:

    Mr. Adrian M. Lapas
    Strickland Lapas & Associates
    112 N. William Street
    Goldsboro, NC 27530
    lapasecfnoticesonly@gmail.com
    Attorney for Plaintiff

 This the 13th day of March, 2014.

        **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

        /s/ Hayden J. Silver III
        Hayden J. Silver III (NC State Bar 10037)
        150 Fayetteville Street, Suite 2100
        Raleigh, North Carolina 27601
        Phone: (919) 755-2188
        Fax: (919) 755-6099
        jsilver@wcsr.com

        Raymond M. Bennett (NC State Bar No. 36341)
        150 Fayetteville Street, Suite 2100
        Raleigh, North Carolina 27601
        Phone (919) 755-2158
        Fax (919) 755-6068
        rbennett@wcsr.com

        *Attorneys for Defendant CashCall, Inc.*